IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| CAMERON LAWRENCE TAYLOR, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | 1:18CV788 |
| v. | ) | 1:17CR320-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Petitioner Cameron Lawrence Taylor, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket Entry 31.) Petitioner pled guilty, pursuant to a plea agreement, to bank robbery and was sentenced to 144 months of imprisonment. (Docket Entries 1, 15-16, 27; Minute Entries 11/14/2017 and 3/23/2018.) He did not file an appeal (Docket Entry 31, § 8), but instead filed the instant motion. The Government filed a response (Docket Entry 34) and Petitioner, in turn, filed two motions for an extension of time to file a reply[1] (Docket Entries 35 and 37) and a reply (Docket Entry 38). The matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

---

[1] The Court will grant Petitioner's motions for an extension of time (Docket Entries 35 and 37) and deem his reply (Docket Entry 38) timely filed.

## PETITIONER'S GROUNDS

Petitioner's § 2255 motion raises two grounds for relief: (1) "ineffective assistance of counsel for failing to file a requested appeal" and (2) "ineffective assistance of counsel for failing to present mitigating sentencing factors." (Docket Entry 31, Grounds One and Two.) As explained in greater detail below, Petitioner's first ground for relief requires an evidentiary hearing and his second ground for relief has no merit.

## DISCUSSION

### Ground One

In Petitioner's first ground for relief, he asserts that he instructed counsel to file a notice of appeal, but counsel failed to do so. (Docket Entry 31, Ground One.) The Government, in turn, has filed an affidavit of Petitioner's former counsel, stating that he has "no memory" of being asked to file an appeal and that, if Petitioner had asked him to file an appeal, he would have done so. (Docket Entry 34, Ex. A at 1-2.)

Unless the record "conclusively show[s]" a § 2255 petitioner is not entitled to relief, "the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). An evidentiary hearing is required when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary in order to resolve the issue. *See United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000). Having reviewed the parties' pleadings, the Court finds that an evidentiary hearing will be required to resolve

2

the disputed and material issues of fact set forth above. Petitioner is thus entitled to a hearing and, accordingly, the Court will order a hearing below.

## Ground Two

Petitioner next asserts that counsel was constitutionally ineffective for failing to investigate and "present mitigating sentence factors" to the Court at sentencing regarding Petitioner's purported beginner's stage Alzheimer's or dementia. (Docket Entry 31, Ground Two.) As explained below, this argument warrants no relief.

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668, 688, 691-92 (1984). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, a petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would have not pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The court must determine whether "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 486 (2000)). This determination is an objective one which

is "dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007).

Petitioner' allegation of ineffective assistance of counsel is without merit because the record indicates that counsel raised the issue of Petitioner's memory and other cognitive function with the Court and that the Court took it into account in fashioning a sentence. First, counsel raised the issue of Petitioner's memory and other cognitive function with the Court prior to sentencing in a position paper. (Docket Entry 20 at 3-4 ("As noted by Mr. Taylor's sister in the [presentence report ("PSR")], the Defendant has also battled depression and other mental health issues, including substantial impairment of his memory and other cognitive function. Whether this is a form of dementia or the effects of Mr. Taylor's illegal substance abuse, it has impacted his cognitive function and quality of life.").)

Second, Petitioner's PSR also informed the Court of the status of his memory and other cognitive function. The PSR described an interview with Petitioner's sister regarding his mental health and her belief he has Alzheimer's disease in light of his serious problems with memory. (Docket Entry 26, ¶ 48.) The PSR also documented Petitioner's belief that he suffered from memory issues, citing Alzheimer's Disease, though Petitioner admitted he had no diagnosis of it. (*Id.*, ¶ 51 ("Defendant Taylor reported he believes he also suffers from Alzheimer's Disease. He stated he has never been diagnosed with such, but has severe loss of memory."), ¶ 55 ("Defendant Taylor advised he has 'memory issues' due to his extensive drug use and his 'brain has burnt out.'").) Nevertheless, counsel also requested and received extensive medical records from Duke Health, none of which supported a diagnosis of

4

Alzheimer's disease or suggest a serious issue with dementia. (Docket Entry 34, Ex. A at 2; Docket Entry 39 at 7.)

Third, counsel also orally raised Petitioner's memory and other cognitive function during sentencing. Counsel emphasized his concern regarding Petitioner's substance abuse problem and health, especially his "issues with memory lapse." (Docket Entry 39 at 7.) While the Court focused largely on Petitioner's physical ailments when announcing the sentence, the record makes it clear that the Court was aware of Petitioner's issues with his memory. (*Id.* at 7 ("THE COURT: And memory lapse, that can be an issue, certainly, and it's --- I think it's already mentioned in the presentence report from his sister, isn't it? MR. DUBERSTEIN: Yeah, it is."). (*Id.*) To claim that counsel did not raise Petitioner's mental or cognitive status with the Court, or that the Court was not aware of it at sentencing, is belied by the record.

Fourth, any claim that Petitioner received a harsher sentence because counsel failed to raise his memory and other cognitive function with the Court is also undermined by the fact that the Court sentenced Petitioner to a below advisory guideline sentence of 144 months of imprisonment. This was seven months lower than the bottom end of Petitioner's 151 to 188 month advisory guideline imprisonment range. (*Id.* at 30, 52.) Thus, the allegation that counsel's performance fell below that of a reasonable defense attorney at sentencing is unsupported by the record in this case.

Petitioner's conclusory argument to the contrary is not persuasive. Petitioner states that he "has experienced [a] diagnosis while being housed in the County jail, during the

5

holding for the federal sentencing hearing in this case." (Docket Entry 38 at 2.) According to Petitioner, counsel "never consulted with Doctors at the Winston-Salem jail as advised by [him] to confirm [his] beginners Alzheimer's state." (*Id.* at 4.) This assertion is inconsistent with Petitioner's prior statement to probation that he had no such diagnosis. In any event, there is no reason to believe that a diagnosis of beginners Alzheimer's or dementia would have changed the outcome of this case, given that the Court took into consideration Petitioner's memory and other cognitive function at sentencing.[2]

## **CONCLUSION**

For the reasons set forth above, an evidentiary hearing is warranted in this matter on Ground One. Beyond this, Petitioner's remaining ground (Ground Two) is without merit.

**IT IS THEREFORE ORDERED** that an evidentiary hearing be held on Petitioner's first ground for relief before the undersigned on **Tuesday, April 21, 2020, at 9:30a.m. in Durham**. The only issue at the hearing will be the facts involving whether counsel failed to consult with Petitioner regarding an appeal and whether Petitioner instructed counsel to file an appeal. The Government is responsible for producing Petitioner at said hearing.

**IT IS FURTHER ORDERED** that **CJA Panel Attorney Jay Ferguson**, is hereby appointed to represent Petitioner at the evidentiary hearing.

---

[2] Petitioner also faults counsel for failing to secure documents from his family that support his position that he suffers from Alzheimer's and/or dementia. (Docket Entry 31, Ground Two.) This argument fails for the reasons set forth above. Beyond that, Petitioner does not provide these documents, or meaningfully describe them, and also fails to meaningfully explain why there is any likelihood that they would have impacted sentencing here, assuming they exist. This iteration of Petitioner's ground for relief has no merit.

**IT IS FURTHER ORDERED** that Petitioner's motions for an extension of time to file a reply (Docket Entries 35 and 37) are granted and Petitioner's reply (Docket Entry 38) is deemed timely filed.

**IT IS RECOMMENDED** that Ground Two of Petitioner's motion to vacate, set aside or correct sentence (Docket Entry 31) be denied.

    _____
    Joe L. Webster
    United States Magistrate Judge

February 10, 2020
Durham, North Carolina